IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CARLOS A. LEACH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:21CV313 |
| | ) |
| FORSYTH COUNTY SHERIFFS | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendant(s). | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee at the Forsyth County Detention Center, submitted a pro se Complaint (Docket Entry 2) under 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a).

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, portions of the Complaint should go forward, but other portions should be dismissed pursuant to 28 U.S.C. § 1915A(b) because they fail to state a claim on which relief may be granted.

The Complaint names Forsyth County Sheriff Bobby Kimbrough as a Defendant in both his individual and official capacities. The Complaint alleges that, during the Covid-19 pandemic, Defendant Kimbrough had control over the Detention Center, but failed to separate contagious inmates from healthy inmates, allowed officers to ignore mask

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

requirements, did not see that common areas of the Jail were properly sanitized, and did not provide proper masks to inmates. (Docket Entry 2 at 8, 15-16.)[2] Numerous inmates, including Plaintiff, became infected with the Covid-19 virus. (Id at 21.) These allegations are sufficient to state a potential claim for relief at this time and the claim should be allowed to proceed.

The Complaint also names the Forsyth County Sheriff's Department as a Defendant. Defendant Sheriff Kimbrough is the policy making agent for the Sheriff's Department and, as stated above, will remain in the case as a Defendant in both his individual and official capacity based on the allegations that he denied Plaintiff proper protection from Covid-19. The surviving claim against Defendant Kimbrough in his official capacity is duplicative of any similar claim against the Sheriff's Department, which means that there is no need for the Sheriff's Department to remain in the case as a separate Defendant. The Forsyth County Sheriff's Department should, therefore, be dismissed from the case.

The Complaint further names Billy Warren and Debrah Chenault as Defendants. It alleges that Defendant Kimbrough delegated to Defendant Billy Warren the authority to put in place policies, practices, and procedures to manage the pandemic response but that Warren failed to implement proper precautions even after eleven officers contracted Covid-19. (Id. at 18.) As for Defendant Chenault, the Complaint claims that Plaintiff spoke to her about the conditions in the Detention Center, but that she ignored his concerns. It also states that she

---

[2]All page citations refer to the page numbers listed in the footer displayed on the documents in this Court's electronic case filing database.

-3-

Case 1:21-cv-00313-WO-LPA    Document 3    Filed 08/26/21    Page 3 of 6

had the authority to implement changes, but did not do so even though 200 inmates became infected. These allegations are sufficient to state claims against these Defendants at this time.

Finally, the Complaint names Mr. Whitt and Charlene Warren as Defendants. As to these two Defendants, the Complaint contains only the type of general and conclusory type of allegations that fail to state claims for relief. The Complaint also seeks to hold them liable on a supervisory basis because they are "high ranked" officials. (Id. at 9, 11.) However, theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Therefore, the claims against these two Defendants fail at this time and should be dismissed.

As for Plaintiff's request to proceed *in forma pauperis*, § 1915(b)(1) requires that he make an initial payment of $36.73. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE RECOMMENDED that Plaintiff's claims discussed above against Defendants Kimbrough, Billy Warren, and Debrah Chenault be allowed to proceed but that the remainder of the claims in the Complaint be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. The dismissal as to Defendants Whitt and Charlene Warren should be without prejudice to Plaintiff amending his pleadings if he can state proper claims for relief against these Defendants.

IT IS ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $36.73.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of April of 2021, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments deducted in relation to this case shall be designated as made in payment of the filing fee for Civil Action No. 1:21CV313, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that this action be filed, but that further proceedings and service of summons as to the remaining Defendants be stayed until Plaintiff either (1) submits to the Court the initial payment noted above, or (2) in the alternative submits a motion for relief from the stay, and a statement made under penalty of perjury that he has not had access to any funds for the initial payment noted above for the 20-day period.

FAILURE TO COMPLY WITH THIS ORDER IN A TIMELY MANNER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.

This, the 26th day of August, 2021.

                /s/ L. Patrick Auld
                **L. Patrick Auld**
                **United States Magistrate Judge**